```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

AMER DIVANOVIC,                 )
                                )
          Plaintiff,             )
                                )
     v.                         )     No. 07 C 1561
                                )
GIORDANO'S ENTERPRISES, INC.,   )
                                )
          Defendant.             )
```

## MEMORANDUM OPINION AND ORDER

Following this Court's entry of the jointly submitted final pretrial order ("FPTO"), each of the parties--plaintiff Amer Divanovic ("Divanovic") and defendant Giordano's Enterprises, Inc. ("Giordano's")--filed a number of motions in limine, and their respective responses to the other side's motions are now in hand. This memorandum opinion and order will deal with both sets.

### Divanovic Motions

Giordano's counsel has interposed no objections to Divanovic's Motions 1 (Dkt. 70), 3 (Dkt. 72) and 5 (Dkt. 74), and each is therefore granted. That leaves only Motions 2 (Dkt. 71) and 4 (Dkt. 73) to be addressed.

Here is how Divanovic frames the scope of the bar sought by Motion 2 and characterizes his position and Giordano's response:

> Any and all evidence, references to evidence, testimony or argument relating to Plaintiff's position as a chef at a restaurant where he is an investor. Defendant has made the argument that Plaintiff identifies himself as the chef to customers and journalists at a restaurant where he is one of two investors. Plaintiff has

> testified that he does not cook at said restaurant, that there is a full time cook other than himself, but that he did craft the menu. Defendant has alleged that Plaintiff has lied to customers and journalists, and that since he does not actually cook he cannot be the chef. This evidence is irrelevant to the issue of whether Defendant terminated Plaintiff for retaliation, irrelevant for the defense of a slander claim and irrelevant as to damages. Plaintiff has presented no evidence as to what the definition of a chef is, or sought any expert testimony as to whether Plaintiff's contributions to the restaurant are those of a chef.

And here is Giordano's response:

> 2. Defendant will present evidence that Plaintiff unduly delayed the mitigation of his damages by choosing to work for and at the restaurant he invested in, rather than meaningfully seek other employment.
>
> 3. Evidence of Plaintiff's employment, or choice to fore-go [sic] employment, are precisely relevant when addressing the issue of mitigation of damages in this case.

Each of the parties is partly right and partly wrong.

It is certainly true that if and to the extent that Divanovic is not working at the restaurant in which he has chosen to invest, the existence and other particulars of the investment (including the pejorative charges set out in the "Defendant has alleged..." sentence quoted from Divanovic's description) are indeed irrelevant and will not be admitted. But a failure to mitigate damages is of course a legitimate defense, and if Giordano's can adduce evidence to that effect in accordance with its above-quoted statement, that evidence will be admitted for jury consideration (although care will have to be exercised to make sure that Giordano's does not cross the line into Fed. R.

2

Evid. ("Evid. R.") 403 territory).

Accordingly Motion 2 is granted in part and denied in part. Fine tuning of the issues will be addressed at trial.

As for Motion 4, Divanovic has framed his position in these terms:

> That the Court bar any documents, materials, or witnesses from being introduced by any defendant which were not previously and timely disclosed to the Plaintiff in discovery. Specifically, Defendant listed the following witnesses after the close of discovery: Eldin Curic, Chi-natti's Pizza, Milica Divanovic, Elias Giannakopolous and Spiro Lambrinatos. Defendant failed to list any of these individuals or companies as witnesses in their Response to Plaintiff's Second Set of Interrogatories.

Giordano's responds by pointing to the language of Fed. R. Civ. P. ("Rule") 37(c) that precludes admissibility at trial of information or witnesses that have not been identified in the required discovery responses or the required supplementation to those responses "unless the failure was substantially justified or is harmless."

In this instance, part of Divanovic's second set of interrogatories expressly called for Giordano's to "[i]dentify all the witnesses to be produced by the Defendant for the trial, their contact information and the contents of their testimony." Giordano's responded with a properly particularized list comprising eight named Giordano's employees and four specific nonemployees. That response, which appears to have been provided in May 2009, was revised by Giordano's counsel a few days later

3

by dropping one of the listed Giordano's employees. No further revision or supplementation, as is required by Rule 26(e)(1), was provided before the close of discovery and the preparation of the FPTO, thus triggering the applicability of Rule 37(c)(1).

It will not do for Giordano's to assert harmless error,[1] nor is it relevant that Divanovic may have included three of the Giordano's employees among his potential witnesses. There is a sound reason for the supplementation requirement, and that is particularly so when (as this Court does) no close of discovery date is set until both parties agree that nothing further need be done to prepare for trial.

Nor does the fact that an individual has been referred to during the course of discovery, or even deposed, call for a different answer. Litigants and their lawyers are entitled to plan for trial, including the reaching of decisions as to trial strategy and reliance on the other side's adherence to the carefully crafted discovery rules as they are written.[2]

---

[1] Giordano's has understandably not sought to invoke the "substantially justified" exception to Rule 37(a)(1), for it has advanced no arguable justification for its noncompliance with the duty to supplement.

[2] It also makes no difference that this case has been set for trial some months hence. Once a FPTO has been entered, the parties must be ready to go to trial as soon as the motions in limine have been dealt with. No litigant can fairly seek refuge in the fact that this Court accommodates both (1) the litigants' own dates of availability and (2) the priority to which the participants in other cases on this Court's calendar are entitled because of (a) earlier-entered FPTOs or (b) Speedy Trial Act

Accordingly Motion 4 is granted. Giordano's witnesses will be limited to those identified in its response to Divanovic's interrogatory on that score.

## Giordano's Motions

Giordano's has advanced seven motions in limine (in addition to some subparts in its last motion). Only one of its motions--that headed "Motion in Limine Regarding Insurance & Witness Exclusion" (Dkt. 66)--has met with no opposition from Divanovic. That motion is of course granted. Because all the other motions are objected to in whole or in part, this opinion proceeds to address them in sequence.

<u>Motion in Limine To Bar Reference to EEOC Finding</u>
    (Dkt. 62)

Divanovic does not oppose Dkt. 62 in principle, instead adducing related contentions that essentially equate to asking that the requested bar be reciprocal. That makes sense, and Giordano's motion is granted with the understanding that neither party will be permitted to advert to the EEOC finding.

<u>Motion in Limine To Exclude Former Employees as Witnesses</u>
    (Dkt. 63)

What Giordano's seeks to prohibit under this rubric, seeking a blanket exclusion in advance of trial, is really inappropriate. Instead the proper question is whether any employee-witness has any relevant evidence to which that person can testify. And that

---

considerations in criminal cases.

fact-specific question is best addressed at the time of trial.

Accordingly the Dkt. 63 motion is denied. Giordano's is free to raise individualized and particularized objections to employee testimony at trial.

Motion in Limine To Exclude Testimony of Rumors
    (Dkt. 64)

This time Giordano's generalized objection is really uninformative. If and to the extent that any proposed testimony proves to be objectionable on hearsay grounds, this Court will exclude it at trial. Hence the Dkt. 64 motion is also denied, again without prejudice to the assertion of individualized objections at trial.

Motion in Limine Regarding Discrimination and Defamation
    (Dkt. 65)

As to Giordano's Dkt. 65 motion, counsel for the parties are like ships that pass in the night. Some of the arguments advanced on each side seem problematic, while some others appear to possess merit. Essentially the problem is that neither party has provided this Court with the specific input that is needed for an informed decision.

Accordingly the Dkt. 65 motion is denied for the present. As and when substantially more informative presentations are made (something that should be done promptly), this Court would be in a position to rule on the motion.

Motion in Limine To Bar Proof of Nonmaterial Employment Decisions
    (Dkt. 67)

6

As is often the case in actions asserting employment discrimination, employer Giordano's seeks to cabin ex-employee Divanovic's evidence too restrictively. Evidence that may not attach directly to adverse employment decisions, and is thus nonactionable as such, may well be relevant and probative to demonstrate a prohibited discriminatory mindset on the part of the employer.

Again the attempted bar in this Dkt. 67 motion is most appropriately dealt with in the trial environment. Hence the Dkt. 67 motion is also denied, without prejudice to its renewal at appropriate stages of the presentation of evidence at trial.

<u>Defendant's Additional Motions in Limine</u>
    (Dkt. 68)

Giordano's final motion advances four separate efforts to curb Divanovic's proof at trial. They will be dealt with successively.

    1.  <u>Decisions Affecting Other Employees</u>

As always, the effort to compare an employer's treatment of the plaintiff ex-employee with the treatment accorded to another employee is a function of whether the other employee is a proper comparator. Divanovic responds to Giordano's contention by stating (correctly, it would appear) that the label "District Manager in Training" is not dispositive on that score, because the more appropriate question is whether the claimed comparators exercised similar functions (so that, for example, an actual

7

manager might qualify as a comparator to the "manager in training").

Thus the presentation in limine has provided inadequate information to permit the problem to be resolved up front. As with others, this motions is denied without prejudice to its possible future reassertion in better-fleshed-out terms.

### 2. Reliance by Plaintiff on Policy/Handbook Provisions

Divanovic correctly responds that Giordano's failure to adhere to its own policies, if proved, is proper grist for the jury's mill in considering the issue of pretext. This motion is denied.

### 3. Questioning the Giordano's Business Judgment

It is quite true that the critical issue in employment discrimination cases is the honesty of the employer's stated reason or reasons for its action. In that sense Divanovic cannot question Giordano's business judgment, but that must be contrasted with Divanovic's right to place before the jury evidence that it could view as showing that Giordano's stated reason or reasons was or were pretextual. When understood in those terms, this facet of Giordano's motion is granted.

### 4. John Apostolou

Here the best indication of the unsoundness of Giordano's argument is its statement of a final non sequitur in this section of its motion:

> In fact, the three highest ranking officers are Irish Catholic, Iranian Jewish and Greek.

In brief, so what? That does not of course mean that Giordano's CEO Apostolou is not biased and may not have acted on that bias.

In short, this aspect of Giordano's motion is denied. It will be for the jury to determine whether any evidence Divanovic may adduce as to Apostolou supports Divanovic's case.

## Conclusion

What follows is not of course intended to modify, let alone supplement, the substantive discussion and rulings that have gone before. Instead this is a thumbnail description, in terms of docket numbers rather than subject matter, that is intended to facilitate the Clerk's Office's disposition of the listed pending motions.

<u>Divanovic's Motions</u>

1. granted without opposition: Dkt. 70, 72 and 74.
2. granted in part and denied in part: Dkt. 71.
3. granted: Dkt. 73.

<u>Giordano's Motions</u>

1. granted without opposition: Dkt. 66.
2. granted on a reciprocal basis: Dkt. 62.
3. denied subject to possible particularized renewal at trial: Dkt. 63, 64 and 67.
4. denied as now presented: Dkt. 65.
5. denied in part, denied in part subject to possible

particularized renewal at trial and granted in part:

Dkt. 68.

                                                */s/ Milton I. Shadur*
                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date:   August 20, 2010